# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**TYRONE LESLIE FARRIS,** )
)
        Petitioner, )
)
v. )   **Case No. CIV 21-291-RAW-KEW**
)
**CHAD DENNIS, Warden,**[1] )
)
        Respondent. )

## OPINION AND ORDER

Petitioner, a pro se state prisoner, has filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651, requesting the Court to compel prison officials to classify him properly (Dkt. 1). He claims that reclassification would decrease the length of his remaining sentence. *Id.* The Court has carefully reviewed the petition and has construed it liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). In addition, Fed. R. Civ. P. 8(e) requires the Court to construe a party's pleadings "so as to do justice."

Federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The federal court's mandamus authority, however, "does not extend to directing state officials in

---

[1] As discussed in this Opinion and Order, this action is construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The proper respondent in a habeas petition is the petitioner's custodian. *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) (citing 28 U.S.C. § 2243; *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973)). Because Petitioner presently is incarcerated at Oklahoma State Reformatory, the proper respondent is Warden Chad Dennis. The Court Clerk is directed to note on the record the substitution of Chad Dennis, Warden, as the respondent.

the performance of their duties and functions." *Max-George v. Honorable Justices of Court of Criminal Appeals of Texas*, 788 F. App'x 274, 275 (5th Cir. 2019) (citation omitted). *See also* 28 U.S.C. § 1361 (stating that federal district courts "have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States* or any agency thereof to perform a duty owed to the plaintiff") (emphasis added).

Because Plaintiff may not bring a mandamus action against officials at his facility, the Court construes his petition for a writ of mandamus as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence and seeking to decrease his remaining sentence through reclassification of his security level.

**ACCORDINGLY,**

1. This action is construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

2. Chad Dennis, Warden, is substituted as the respondent in this action.

**IT IS SO ORDERED** this 6th day of January 2022.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE