## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TYRONE LESLIE FARRIS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 21-291-RAW-KEW |
| | ) |
| **DAVID LOUTHAN, Warden,** | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER

On September 23, 2021, Petitioner Tyrone Leslie Farris filed a "Petition for a Writ of Mandamus to Compel Compliance" (Dkt. 1), which was construed as a petition for a writ of habeas corpus pursuant to 2241 (Dkt. 4). Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is serving a 99-year sentence for First Degree Rape in Comanche County District Court Case No. 84-240. He is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma. Respondent has filed a motion to dismiss (Dkt. 8), and Petitioner has filed a response to the motion (Dkt. 11).

Petitioner is complaining that the Classification Officer at Davis Correctional Center (DCF), a private prison in Holdenville, Oklahoma, "re-class and flagged" his minimum security packet, because Petitioner would not be eligible for minimum security assignment until had fewer than 3,600 days or ten years remaining on his sentence (Dkt. 1 at 1). Petitioner asserts this decision was erroneous, because it violated the Ex Post Facto Clause. *Id*. at 1-2. He further claims the DOC has a clear legal duty to classify him as a minimum security prisoner. *Id.* at 6-7.

Respondent asserts this action was improperly construed as a petition for a writ of habeas corpus, because the petition does not allege that reclassification would decrease the length of his sentence (Dkt. 8 at 2-3). Although Petitioner's petition is confusing, the Court liberally construed the filing as a habeas petition, because he appeared to be complaining, in part, about the application of the "85% Rule" to this sentence, which allegedly "enhanced" his 99-year term to a 100-year term[1] (Dkt. 1 at 3).

Respondent alleges Petitioner has not properly presented his claim to the DOC, and he has failed to exhaust the administrative remedies for the claim. Respondent further asserts the petition must be dismissed for failure to state a claim upon which relief can be granted, because Petitioner has not shown an encroachment on any federally protected interest.

In *Duckworth v. Serrano*, 454 U.S. 1, 3-4 (1981), the Supreme Court held that a state prisoner must exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts. The courts have found that a "habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254," *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000), and that "exhaustion of state remedies includes both administrative and state court remedies," *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir 2002) (citing *Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir. 1981)).

---

[1] In Oklahoma, certain enumerated crimes are subject to the "85 Percent Rule," meaning an offender must serve not less than 85 percent of his sentence before becoming eligible for parole. Okla. Stat. tit. 21, §§ 12.1, 13.1. Furthermore, persons convicted of these offenses "shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." *Id*.

The Tenth Circuit has noted that a "rigorously enforced" exhaustion policy is necessary to protect and promote the State's role in resolving the constitutional issues raised in federal habeas petitions. *Naranjo v. Ricketts*, 696 F.2d 83, 87 (10th Cir. 1982) (citing *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). The DOC provides a grievance procedure in OP-090124 which makes available a standard method by which inmates may resolve their grievances and seek formal administrative decisions (Dkt. 8-2). The procedure consists of a three-step process that includes an informal process, a formal resolution process, and at least one level of appeal. *Id*. An inmate must properly complete all three steps in the grievance process to exhaust his administrative remedies. The grievance process specifically allows inmates to seek administrative relief for issues related to their records, sentence administration, or classification (Dkt. 8-2 at 6-7).

Here, Petitioner alleges he initiated the informal grievance process by filing a Request to Staff (RTS) while at DCF on October 14, 2021 (Dkt. 8-3). The response, dated November 2, 2021, stated that Petitioner's crime was not an 85% crime, and he was eligible for a minimum security packet. *Id.* He was advised to show the RTS response to his case manger. *Id.* There is no indication he followed these instructions or that he filed a formal grievance regarding this matter (Dkt. 8-5, Affidavit by Administrative Review Authority Manager). Instead, he attempted to circumvent the process by submitting an RTS directly to the Administrative Review Authority, where he was instructed to follow the prescribed process. *Id.* Petitioner never completed the grievance process with respect the issue raised in this

3

action, and he therefore failed to exhaust administrative remedies. *Id.*

Because Petitioner claims the DOC has a clear legal duty to provide the relief he requests, he also is required to pursue that relief through the state courts prior to proceeding in federal court. Oklahoma law recognizes a variety of remedies that may be pursued by state prisoners including writs of habeas corpus, pursuant to Okla. Stat. tit. 12, § 1333, and writs of mandamus under Okla. Stat. tit. 12, § 1451. Petitioner has not pursued these avenues of relief.

To the extent Respondent contends that Petitioner's "Petition for a Writ of Mandamus to Compel Compliance" (Dkt. 1) should not have been construed as a § 2241 petition, Respondent alleges Petitioner has no federally protected interest in the site of his incarceration. It is well settled that there is no constitutional right to incarceration in a particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Further, in *Twyman v. Crisp*, 584 F.2d 352, 356 (10th Cir. 1978), the Tenth Circuit Court of Appeals held that prisoner classification in the Oklahoma correctional system is within the total discretion of the DOC Director.

Finally, Respondent alleges that the length of Petitioner's incarceration has not been increased as a result of his being classified and placed at a medium security facility. Petitioner's conclusory claim is that he has been "disadvantaged" by the his reclassification under OP-060103(M), because he is not eligible for minimum security classification until he has fewer than 3,00 days remaining on his sentence. His argument, however, is meritless,

because he has alleged no facts suggesting there has been any change to the nature of his crime, his punishment for the crime, or the credits to which he is entitled.

In addition, Petitioner's claims regarding ex post facto applications of earned credit schemes previously have been heard and denied in the federal courts. *See Farris v. Martin*, No. CIV-18-738-R, 2020 WL 8768497 (W.D. Okla. Nov. 13, 2020) (unpublished report and recommendation) (Dkt. 8-6), *adopted by district court*, 2021 WL 493421 (Feb. 10, 2021) (Dkt. 8-7). Because Petitioner has not pleaded or demonstrated that his security classification, or his assignment to medium security, has wrongly deprived him of any credits or otherwise lengthened his sentence, he has not shown the violation of a federally protected interest, and he is not entitled to relief.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 8) is GRANTED, and Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 5th day of August 2022.

*/s/ Ronald A. White*

Ronald A. White
United States District Judge
Eastern District of Oklahoma